UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMONTE A. JACKSON,

Plaintiff,

v. Case No. 26-cv-1877-bhl

ALEXIS WHITE,
NURSE EMILY,
NURSE ERIN,
NURSE LEO, and
DR. HERMITANIO,

Defendants.

## SCREENING ORDER

Plaintiff Amonte Jackson, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while he was housed at the Wisconsin Resource Center. This matter comes before the Court on Jackson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Jackson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Jackson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $15.12. Jackson's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any

complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Jackson, on May 27, 2026, he met with Dr. Hermitanio to discuss medication to address the neuropathy affecting his feet. Jackson alleges that Dr. Hermitanio prescribed 300mg of alpha lipoic acid daily. From then until June 13, 2026, Defendant Nurses Alexis White, Emily, Erin, and Leo dispensed 600mg of alpha lipoic acid to Jackson, even though he told them that was not the correct dose and that he was having stomach issues and pain in his lower extremities that was preventing him from sleeping. Jackson asserts that on June 13, 2026, rather than addressing his complaints of side effects, Dr. Hermitanio tried to cover up the nurses' wrongdoing by increasing the dosage to 600mg daily.

## THE COURT'S ANALYSIS

To state a claim under the Eighth Amendment, a plaintiff must allege that prison officials intentionally disregarded a known, objectively serious medical condition that posed an excessive risk to the plaintiff's health. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015) (citations omitted). Whether Jackson states a claim is a close call. It does not appear that the 600mg dose that he received posed "an excessive risk" to his health. Jackson states only that he had an upset stomach and continued pain in his lower extremities, which could have been a result of the neuropathy rather than the medication. Moreover, Jackson speculates that Dr. Hermitanio increased the prescribed dosage to cover up for the nurses rather than to address Jackson's complaints of continuing pain in his lower extremities. Finally, Jackson does not allege that he suffered any harm after Dr. Hermitanio increased the dosage from 300mg to 600mg.

Still, at this early stage and construing all reasonable inferences in Jackson's favor, the Court will allow Jackson to proceed on a medical care claim against the Defendants based on allegations that they ignored his complaints about the side effects he was experiencing from taking more than the prescribed dose.

**IT IS THEREFORE ORDERED** that Jackson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Jackson's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Nurses Alexis White, Emily, Erin, and Leo, and Dr. Hermitanio.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, the Defendants shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Jackson is located.

**IT IS FURTHER ORDERED** that the agency having custody of Jackson shall collect from his institution trust account the $334.88 balance of the filing fee by collecting monthly payments from Jackson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The

payments shall be clearly identified by the case name and number assigned to this action. If Jackson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jackson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Jackson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin this 6th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge